**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| QBE AMERICAS, INC., d/b/a QBE NORTH AMERICA, | Hon. Jed S. Rakoff |
| Plaintiff, | Index No.: 1:22-cv-00757 |
| -against- | **ANSWER TO COMPLAINT** |
| APPLIED UNDERWRITERS, INC., | |
| Defendant. | |

Defendant Applied Underwriters, Inc. ("Applied" or "Defendant"), by their undersigned

counsel, as and for their Answer to the Complaint in this action, respond and alleged as follows:

1.      Defendant denies the allegations in Paragraph 1 of the Complaint. Defendant

further responds that Paragraph 1 of the Complaint contains allegations against Kristina Orcutt

("Orcutt") and Kristina Mulligan ("Mulligan") who were dismissed from this case on

jurisdictional grounds and for which no answer is required.  Defendant admits the allegation that

Steven Allen ("Allen") and Gregory Dekker ("Dekker") signed agreements with Plaintiff QBE

Americas, Inc. d/b/a QBE North America ("QBE").

2.      Defendant denies the allegations in Paragraph 2 of the Complaint except to admit

the allegation that Plaintiff sought a temporary restraining order and preliminary injunction.

3.      Defendant denies knowledge or information sufficient to form a belief as to the

allegations in Paragraph 3 of the Complaint, and therefore denies Paragraph 3 of the Complaint.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint. Defendant

further responds that Paragraph 4 of the Complaint contains allegations against Orcutt and

Mulligan who were dismissed from this case on jurisdictional grounds and therefore no answer is required.

5.      Paragraph 5 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and therefore no answer is required.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.  Defendant further responds that Paragraph 6 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and therefore no answer is required.

7.      Defendant responds that Paragraph 7 of the Complaint consists entirely of legal conclusions as to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 7 of the Complaint.

## PARTIES

8.      Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint, and therefore denies Paragraph 8 of the Complaint.

9.      Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint, and therefore denies Paragraph 9 of the Complaint.

10.      Paragraph 10 of the Complaint contains allegations against Orcutt who was dismissed from this case on jurisdictional grounds and for which no answer is required.

11.      Paragraph 11 of the Complaint contains allegations against Mulligan who was dismissed from this case on jurisdictional grounds and therefore no answer is required.

12.      Defendant denies the allegations in Paragraph 12 of the Complaint.

13.      Defendant denies the allegations in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14.     The allegations in paragraph 14 of the Complaint consists entirely of legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 14 of the Complaint.  Defendant further responds that Paragraph 14 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and therefore no answer is required.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

## ALLEN, DEKKER, ORCUTT, MULLIGAN OBLIGATIONS TO QBE

16.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint, and therefore denies Paragraph 16 of the Complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint, and therefore denies Paragraph 17 of the Complaint.

18.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint, and therefore denies Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint contains allegations against Orcutt who was dismissed from this case on jurisdictional grounds and therefore no answer is required.

20.     Paragraph 20 of the Complaint contains allegations against Mulligan who was dismissed from this case on jurisdictional grounds and therefore no answer is required.

21.     Defendant responds that Paragraph 21 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and therefore no answer is required.

22.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint, and therefore denies Paragraph 22 of the Complaint.  Defendant further responds that Paragraph 22 of the Complaint contains legal conclusions as to which no answer is required.

23.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint, and therefore denies Paragraph 23 of the Complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint, and therefore denies Paragraph 24 of the Complaint.  Defendant further responds that Paragraph 24 of the Complaint contains legal conclusions as to which no answer is required.

25.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint.  To the extent an answer is required, Defendant respectfully refers the Court to the attachments referenced in Paragraph 25 of the Complaint for its contents and otherwise deny the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint.  Defendant further responds that Paragraph 26 of the Complaint contains legal conclusions as to which no answer is required.  To the extent an answer is required, Defendant respectfully refers the Court to the attachments referenced in

Paragraph 25 of the Complaint for its contents and otherwise deny the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint.  Defendant further responds that Paragraph 27 of the Complaint contains legal conclusions as to which no answer is required.  To the extent an answer is required, Defendant respectfully refers the Court to the attachments referenced in Paragraph 25 of the Complaint for its contents and otherwise deny the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint.  Defendant further responds that Paragraph 28 of the Complaint contains legal conclusions as to which no answer is required.  To the extent an answer is required, Defendant respectfully refers the Court to the attachments referenced in Paragraph 25 of the Complaint for its contents and otherwise deny the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Complaint.  Defendant further responds that Paragraph 29 of the Complaint contains legal conclusions as to which no answer is required.  To the extent an answer is required, Defendant respectfully refers the Court to the attachments referenced in Paragraph 25 of the Complaint for its contents and otherwise deny the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of the Complaint.  Defendant further responds that Paragraph 30 of the Complaint contains legal conclusions as to which no answer is required.  To the extent an

answer is required, Defendant respectfully refers the Court to the attachments referenced in Paragraph 25 of the Complaint for its contents and otherwise deny the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Complaint.  Defendant further responds that Paragraph 31 of the Complaint contains legal conclusions as to which no answer is required.

32.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint, and therefore denies Paragraph 32 of the Complaint.

33.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint, and therefore denies Paragraph 33 of the Complaint.  Defendant further responds that Paragraph 33 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and therefore no answer is required.

34.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 of the Complaint, and therefore denies Paragraph 34 of the Complaint.  Defendant further responds that Paragraph 34 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and therefore no answer is required.

**ALLEN DEKKER ORCUTT AND
MULLIGANS VOLUNTARY RESIGNATION FROM EMPLOYMENT
WITH QBE AND THEIR SUBSEQUENT EMPLOYMENT WITH APPLIED**

35.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 of the Complaint, and therefore denies Paragraph 35 of the Complaint.

36.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 of the Complaint, and therefore denies Paragraph 36 of the Complaint.

37.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint, and therefore denies Paragraph 37 of the Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint, and therefore denies Paragraph 38 of the Complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 of the Complaint, and therefore denies Paragraph 39 of the Complaint.

40.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Complaint, and therefore denies Paragraph 40 of the Complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the Complaint, and therefore denies Paragraph 41 of the Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 of the Complaint, and therefore denies Paragraph 42 of the Complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 of the Complaint, and therefore denies Paragraph 43 of the Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 of the Complaint, and therefore denies Paragraph 44 of the Complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 of the Complaint, and therefore denies Paragraph 45 of the Complaint.

46.      Defendant denies the allegations in Paragraph 46 of the Complaint except that Defendant further responds that it is not obligated to respond to protected settlement offers improperly included in a United States District Court filing.

47.     Defendant respectfully refers the Court to the letter referenced in Paragraph 47 of the Complaint for its contents and otherwise deny the allegations in Paragraph 47 of the Complaint.

## QBE LATER LEARNS OF ALLEN DEKKER ORCUTT MULLIGANS UNLAWFUL ACTIVITES

48.      Defendant denies the allegation in Paragraph 48 of the Complaint.

49.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 of the Complaint.  Defendant denies the allegations in Paragraph 49 of the Complaint concerning an alleged breach by Allen.

50.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint, and therefore denies Paragraph 50 of the Complaint.  Defendant further responds that Paragraph 50 of the Complaint consists entirely of legal conclusions as to which no answer is required. Defendant otherwise denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant respectfully refers the Court to the document referenced in Paragraph 51 of the Complaint for its contents and otherwise deny the allegations in Paragraph 51 of the Complaint.

52.     Defendant admits the allegations in Paragraph 52 of the Complaint as to Jamie Sahara being the President of Applied Underwriters, Inc. and the founder and Chief Executive Officer of Rivington Partners but denies that Rivington Partners is an insurance company.

53.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 of the Complaint, and therefore denies Paragraph 53 of the Complaint.

54.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 of the Complaint, and therefore denies Paragraph 54 of the Complaint.

55.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 of the Complaint, and therefore denies Paragraph 55 of the Complaint.

56.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 of the Complaint, and therefore denies Paragraph 56 of the Complaint.

57.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 57 of the Complaint, and therefore denies Paragraph 57 of the Complaint.

58.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 of the Complaint, and therefore denies Paragraph 58 of the Complaint.

59.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 of the Complaint, and therefore denies Paragraph 59 of the Complaint.

60.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 of the Complaint, and therefore denies Paragraph 60 of the Complaint.

61.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 61 of the Complaint, and therefore denies Paragraph 61 of the Complaint.  Further, Defendant responds that Paragraph 61 of the Complaint contains allegations against Orcutt who was dismissed from this case on jurisdictional grounds and for which no answer is required.

62.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint, and therefore denies Paragraph 62 of the Complaint. Defendant further responds that Paragraph 62 of the Complaint consists entirely of legal conclusions as to which no answer is required.

63.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 of the Complaint.  To the extent an answer is required, Defendant

admits that it met with Allen on or around June 23, 2021 but otherwise denies the allegations in Paragraph 63 of the Complaint.

64.    Defendant denies the allegations in Paragraph 64 of the Complaint.  Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 64 of the Complaint, and therefore denies Paragraph 64 of the Complaint.

65.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 of the Complaint, and therefore denies Paragraph 65 of the Complaint.

66.    Defendant denies the allegations in the first sentence of Paragraph 66 of the Complaint except to state that Defendant met with Allen on or around August 12, 2021. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 66 of the Complain, and therefore denies Paragraph 66 of the Complaint.

67.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 of the Complaint, and therefore denies Paragraph 67 of the Complaint.

68.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 of the Complaint, and therefore denies Paragraph 68of the Complaint.

69.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 of the Complaint, and therefore denies Paragraph 69 of the Complaint. Defendant further responds that Paragraph 69 of the Complaint consists entirely of legal conclusions as to which no answer is required.

70.     Defendant respectfully refers the Court to the document referenced in Paragraph 70 of the Complaint for its contents and otherwise deny the allegations in Paragraph 70 of the Complaint.

71.     Defendant respectfully refers the Court to the document referenced in Paragraph 70 of the Complaint for its contents and otherwise deny the allegations in Paragraph 71 of the Complaint.

72.     Defendant respectfully refers the Court to the document referenced in Paragraph 70 of the Complaint for its contents and otherwise deny the allegations in Paragraph 72 of the Complaint.

73.     Defendant respectfully refers the Court to the document referenced in Paragraph 70 of the Complaint for its contents and otherwise deny the allegations in Paragraph 72 of the Complaint.

74.     Defendant respectfully refers the Court to the document referenced in Paragraph 74 of the Complaint for its contents and otherwise deny the allegations in Paragraph 74 of the Complaint.  Defendant further responds that Paragraph 74 of the Complaint consists entirely of legal conclusions as to which no answer is required.  Further, Paragraph 74 of the Complaint contains allegations against Orcutt who was dismissed from this case on jurisdictional grounds and for which no answer is required.

75.     Defendant respectfully refers the Court to the document referenced in Paragraph 74 of the Complaint for its contents and otherwise deny the allegations in Paragraph 75 of the Complaint.  Defendant further responds that Paragraph 75 of the Complaint consists entirely of legal conclusions as to which no answer is required.  Further, Paragraph 75 of the Complaint

contains allegations against Orcutt who was dismissed from this case on jurisdictional grounds and for which no answer is required.

76.     Defendant respectfully refers the Court to the document referenced in Paragraph 75 of the Complaint for its contents and otherwise deny the allegations in Paragraph 76 of the Complaint.  Defendant further responds that Paragraph 76 of the Complaint consists entirely of legal conclusions as to which no answer is required.  Further, Paragraph 76 of the Complaint contains allegations against Orcutt who was dismissed from this case on jurisdictional grounds and for which no answer is required.

77.     Defendant respectfully refers the Court to the document referenced in Paragraph 77 of the Complaint for its contents and otherwise deny the allegations in Paragraph 77 of the Complaint.  Further, Paragraph 77 of the Complaint contains allegations against Orcutt who was dismissed from this case on jurisdictional grounds and for which no answer is required.

78.     Defendant responds that Paragraph 78 of the Complaint consists entirely of legal conclusions as to which no answer is required.  Further, Paragraph 78 of the Complaint contains allegations against Orcutt who was dismissed from this case on jurisdictional grounds and for which no answer is required.  Defendant denies the allegations in Paragraph 78 of the Complaint.

79.     Defendant respectfully refers the Court to the document referenced in Paragraph 79 of the Complaint for its contents and otherwise deny the allegations in Paragraph 79 of the Complaint.  Defendant further responds that Paragraph 79 of the Complaint consists entirely of legal conclusions as to which no answer is required.  Further, Paragraph 79 of the Complaint contains allegations against Mulligan who was dismissed from this case on jurisdictional grounds and for which no answer is required.

80.     Defendant responds that Paragraph 80 of the Complaint consists entirely of legal conclusions as to which no answer is required.  Further, Paragraph 80 of the Complaint contains allegations against Mulligan who was dismissed from this case on jurisdictional grounds and for which no answer is required.  Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 81 of the Complaint, and therefore denies Paragraph 81 of the Complaint.

82.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 82 of the Complaint, and therefore denies Paragraph 82 of the Complaint.  Defendant further responds that Paragraph 82 of the Complaint consists entirely of legal conclusions as to which no answer is required.

83.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 83 of the Complaint, and therefore denies Paragraph 83 of the Complaint.  Defendant further responds that Paragraph 83 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

84.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 84 of the Complaint, and therefore denies Paragraph 84 of the Complaint.  Defendant further responds that Paragraph 84 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

85.     Defendant denies the allegations in Paragraph 85 of the Complaint.

86.     Defendant admits the allegations in Paragraph 86 of the Complaint as to Allen and Dekker.  Defendants denies knowledge or information as to who the other unnamed "QBE employees" were, and therefore denies Paragraph 86 of the Complaint.

87.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 of the Complaint, and therefore denies Paragraph 87 of the Complaint.  Defendant further responds that Paragraph 87 of the Complaint consists of legal conclusions as to which no answer is required.

88.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 88 of the Complain, and therefore denies Paragraph 88 of the Complaint.  Defendant further responds that Paragraph 88 of the Complaint consists of legal conclusions as to which no answer is required.  Defendant denies any allegations against it in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations in Paragraph 91 of the Complaint.  Defendant further responds that Paragraph 91 of the Complaint consists of legal conclusions for which no answer is required.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint.  Defendant further responds that Paragraph 92 of the Complaint consists of legal conclusions for which no answer is required.

93.     Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 94 of the Complaint, and therefore denies Paragraph 94 of the Complaint.

95.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 95 of the Complaint, and therefore denies Paragraph 95 of the Complaint.

96.     Defendant admits that Greg Dekker was on a virtual meeting and otherwise denies the allegations in Paragraph 96 of the Complaint.

97.     Defendant respectfully refers the Court to the email referenced in Paragraph 97 of the Complaint for its contents and otherwise denies knowledge or information to form a belief as to the allegations in Paragraph 97 of the Complaint.  Defendant further responds that Paragraph 97 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

98.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 98 of the Complaint, and therefore denies Paragraph 98 of the Complaint. Defendant further responds that Paragraph 98 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

99.     Defendant denies the allegations in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Complaint.  Defendant further responds that Paragraph 100 of the Complaint consists of legal conclusions for which no answer is required.

101.     Defendant denies the allegations in Paragraph 101 of the Complaint.  Defendant further responds that Paragraph 101 of the Complaint consists of legal conclusions for which no answer is required.

102.     Defendant denies the allegations in Paragraph 102 of the Complaint.  Defendant further responds that Paragraph 102 of the Complaint consists of legal conclusions for which no answer is required.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**(Tortious Interference Against Applied)**</u>

103.     Defendant repeats and reallege the foregoing responses to Paragraphs 1-102 of the Complaint as if fully restated herein.

104.     Defendant denies the allegations in Paragraph 104 of the Complaint.

105.     Defendant denies the allegations in Paragraph 105 of the Complaint.  Defendant further responds that Paragraph 105 of the Complaint consists of legal conclusions for which no answer is required.

106.     Defendant denies the allegations in Paragraph 106 of the Complaint.

107.     Defendant denies the allegations in Paragraph 107 of the Complaint.  Defendant further responds that Paragraph 107 of the Complaint consists of legal conclusions for which no answer is required.

108.     Defendant denies the allegations in Paragraph 108 of the Complaint.

109.     Defendant denies the allegations in Paragraph 109 of the Complaint.

110.     Defendant denies the allegations in Paragraph 110 of the Complaint.

111.     Defendant denies the allegations in Paragraph 111 of the Complaint.

112.     Defendant denies the allegations in Paragraph 112 of the Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Misappropriation of Confidential Information Against All Defendants)

113.    Defendant repeats and realleges the foregoing responses to Paragraphs 1-112 of the Complaint as if fully restated herein.

114.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 114 of the Complaint, and therefore denies Paragraph 114 of the Complaint.  Defendant further responds that Paragraph 114 of the Complaint consists of legal conclusions for which no answer is required. Defendant further responds that Paragraph 114 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

115.    Defendant denies the allegations in Paragraph 115 of the Complaint.  Defendant further responds that Paragraph 115 of the Complaint consists of legal conclusions for which no answer is required. Defendant further responds that Paragraph 115 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

116.    Defendant denies the allegations in Paragraph 116 of the Complaint.  Defendant further responds that Paragraph 116 of the Complaint consists of legal conclusions for which no answer is required.  Defendant further responds that Paragraph 116 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

117.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint.  Defendant further responds that Paragraph 117 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this

case on jurisdictional grounds and for which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 117 of the Complaint.

118.    Defendant denies the allegations in Paragraph 118 of the Complaint. Defendant further responds that Paragraph 118 of the Complaint consists of legal conclusions for which no answer is required.

119.    Defendant denies the allegations in Paragraph 119 of the Complaint. Defendant further responds that Paragraph 119 of the Complaint consists of legal conclusions for which no answer is required.

120.    Defendant denies the allegations in Paragraph 120 of the Complaint. Defendant further responds that Paragraph 120 of the Complaint consists of legal conclusions for which no answer is required.

121.    Defendant denies the allegations in Paragraph 121 of the Complaint. Defendant further responds that Paragraph 121 of the Complaint consists of legal conclusions for which no answer is required.

122.    Defendant denies the allegations in Paragraph 122 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Duty of Loyalty Against Orcutt and Mulligan)

123.    Defendant repeats and reallege the foregoing responses to Paragraphs 1-122 of the Complaint as if fully restated herein.

124.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 124 of the Complaint, and therefore denies Paragraph 124 of the Complaint.  Defendant further responds that Paragraph 124 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

125.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 125 of the Complaint, and therefore denies Paragraph 125 of the Complaint.  Defendant further responds that Paragraph 125 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

126.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 126 of the Complaint, and therefore denies Paragraph 126 of the Complaint.  Defendant further responds that Paragraph 126 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

127.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 127 of the Complaint, and therefore denies Paragraph 127 of the Complaint.  Defendant further responds that Paragraph 127 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

128.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 128 of the Complaint, and therefore denies Paragraph 128 of the Complaint.  Defendant further responds that Paragraph 128 of the Complaint contains allegations against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

129.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 129 of the Complaint, and therefore denies Paragraph 129 of the Complaint.  Defendant further responds that Paragraph 129 of the Complaint contains allegations

against Orcutt and Mulligan who were dismissed from this case on jurisdictional grounds and for which no answer is required.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unfair Competition Against All Defendants)

130.    Defendant repeats and realleges the foregoing responses to Paragraphs 1-129 of the Complaint as if fully restated herein.

131.    Defendant denies the allegations in Paragraph 131 of the Complaint. Defendant further responds that Paragraph 131 of the Complaint consists of legal conclusions for which no answer is required.

132.    Defendant denies the allegations in Paragraph 132 of the Complaint. Defendant further responds that Paragraph 132 of the Complaint consists of legal conclusions for which no answer is required.

133.    Defendant denies the allegations in Paragraph 133 of the Complaint. Defendant further responds that Paragraph 133 of the Complaint consists of legal conclusions for which no answer is required.

134.    Defendant denies the allegations in Paragraph 134 of the Complaint. Defendant further responds that Paragraph 134 of the Complaint consists of legal conclusions for which no answer is required.

135.    Defendant denies the allegations in Paragraph 135 of the Complaint. Defendant further responds that Paragraph 135 of the Complaint consists of legal conclusions for which no answer is required.

136.    Defendant denies the allegations in Paragraph 136 of the Complaint. Defendant further responds that Paragraph 136 of the Complaint consists of legal conclusions for which no answer is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Without admitting any of the allegations in Plaintiff's complaint, Defendant asserts and alleges the separate and affirmative defenses below.

The Complaint and each claim contained in it fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not been damaged, and failed to mitigate any such asserted damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all confidential or proprietary information mentioned in the Complaint is not confidential and is available in the public record.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there are no written agreements between Plaintiff and Defendant and there is no evidence of unfair competition.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that at all times mentioned in the Complaint, it acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in furtherance of a legitimate purpose.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has not acted intentionally or with disregard as to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

There is no evidence that Defendant requested or instructed the individuals as to the

allegations mentioned in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, as a result of Plaintiff's failures to adjust

to market conditions and/or to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert and rely upon other defenses that become available

or appear during the course of this matter.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery from Defendant because said recovery would constitute

unjust enrichment.

**WHEREFORE**, Defendants respectfully request that this Court:

i.      Dismiss Plaintiff's Complaint in its entirety, with prejudice;

ii.     Award Defendants reasonable attorneys' fees, costs and disbursements; and

iii.    Grant such other and further relief as it deems appropriate.

Dated: New York, New York
       May 24, 2022

**MINTZ & GOLD LLP**

/s/ Barry M. Kazan
Barry M. Kazan
Scott Klein
600 Third Avenue, 25th Floor
New York, New York 10016
Tel: (212) 696-4848
kazan@mintzandgold.com
klein@mintzandgold.com

*Attorneys for Defendant Applied*